**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **SAINT LAWRENCE COMMUNICATIONS LLC,** | § § § | **Case No. 2:14-cv-1055-JRG** |
| **Plaintiff,** | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **LG ELECTRONICS, INC., LG ELECTRONICS ALABAMA, INC., LG ELECTRONICS USA, INC.,  AND LG ELECTRONICS MOBILECOMM, U.S.A., INC.** | § § § § § § | |
| **Defendants.** | § § | |

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN
NON-PARTY QUALCOMM INCORPORATED, PLAINTIFF, AND ALL
DEFENDANTS**

WHEREAS, The Honorable Rodney Gilstrap, United States District Judge, entered the

Protective Order to govern discovery in the above-captioned matter ("this action") on April 21,

2015, *see* Dkt. No. 34, and may enter subsequent protective orders ("Protective Order"); and

WHEREAS, Plaintiff Saint Lawrence Communications LLC ("Plaintiff"); Defendants

LG Electronics, Inc.; LG Electronics Alabama, Inc.; LG Electronics USA, Inc.; and LG

Electronics Mobilecomm, U.S.A., Inc. (collectively "LG" or "Defendants") (together, hereinafter

referred to as "the Parties"), and Qualcomm Incorporated ("QUALCOMM"), a non-party to this

action, may produce confidential source code, schematics, and other documents in this action

that include or incorporate CONFIDENTIAL INFORMATION belonging to QUALCOMM

("QUALCOMM Confidential Information");

WHEREAS the Parties and Non-Party QUALCOMM have agreed to additional

provisions to protect against misuse or disclosure of such QUALCOMM Confidential

Information;

WHEREFORE, IT IS HEREBY ORDERED that source code, schematics, or documents

that incorporate QUALCOMM Confidential Information produced in connection with the above-

captioned matters that are designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES

ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL

SOURCE CODE" shall be subject to the following restrictions:

**A.      Definitions**

1.      "QUALCOMM MATERIAL": Confidential information (regardless of how

generated, stored, or maintained) or tangible things that include or incorporate Non-Party

QUALCOMM Confidential Information, that Non-Party QUALCOMM (i) would not normally

reveal to third parties except in confidence, or has undertaken with others to maintain in

confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to

privacy under federal or state law, or any other applicable privilege or right related to

confidentiality or privacy.  QUALCOMM MATERIAL includes all information, documents,

source code, schematics, testimony, and things produced, served, or otherwise provided in this

action by any Party or by Non-Party QUALCOMM, that include or incorporate QUALCOMM

Confidential Information.

2.      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" material:

information, documents, and things that include or incorporate QUALCOMM MATERIAL.

3.      "Source Code":  includes human-readable programming language text that

defines software, firmware, (collectively, "software Source Code") and integrated circuits

("hardware Source Code").  Text files containing Source Code shall hereinafter be referred to as

"Source Code files."  Software Source Code files shall include, but are not limited to, files

2

containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages.  Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

4.      "Chip-Level Schematics":  means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

5.      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material:  QUALCOMM MATERIAL that includes Source Code and Chip-Level Schematics that constitute proprietary technical or commercially sensitive competitive information that Non-Party QUALCOMM maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Non-Party QUALCOMM.  This includes Source Code and Chip-Level Schematics in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

6.      "Designated QUALCOMM Material":  material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

7.     "Designated Source Code Material":  material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

8.     "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action.  For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

9.     "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

10.     "Producing Party" means a party or non-party that discloses or produces Designated QUALCOMM Material in the above-captioned actions.

11.     "Receiving Party" a Party that receives Designated QUALCOMM Material from a Producing Party in the above-captioned actions.

12.     "Authorized Reviewer(s)" shall mean persons authorized to review "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material in accordance with this Supplemental Protective Order and the Protective Order.

13.     "Counsel of Record":  (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed

by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

14.     "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or of 4) Non-Party QUALCOMM.

15.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or 4) Non-Party QUALCOMM. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Relationship to Protective Order**

16.     This Supplemental Protective Order shall not diminish any existing restriction with respect to Designated QUALCOMM Material.  The Parties and QUALCOMM

5

acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective

Order entered in this action on April 21, 2015 in the United States District Court, Eastern District

of Texas, in this action.  The Protective Order applies to all material designated pursuant to this

Supplemental Protective Order.  To the extent that there is any confusion or conflict between

protective orders with respect to Designated QUALCOMM Material, then this Supplemental

Protective Order governs.

17.     In addition to the restrictions outlined in this Supplemental Protective Order,

material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –

CONFIDENTIAL SOURCE CODE" shall be subject to obligations with respect to

"RESTRICTED CONFIDENTIAL SOURCE CODE" materials outlined in the Protective Order.

18.     In addition to the restrictions outlined in this Supplemental Protective Order,

material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" shall be

subject to obligations with respect to "RESTRICTED – ATTORNEYS' EYES ONLY" material

outlined in the Protective Order.

**C.     Scope**

19.     The protections conferred by this Supplemental Protective Order cover not only

Designated QUALCOMM Material (as defined above), but also any information copied or

extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing

herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil

Procedure or any applicable local rules or General Orders.  Identification of any individual

pursuant to this Supplemental Protective Order does not make that individual available for

deposition, or any other form of discovery outside of the restrictions and procedures of the

Federal Rules of Civil Procedure or any applicable rules or General Orders.

20.     This Supplemental Protective Order shall not prevent a disclosure to which Non-Party QUALCOMM consents in writing before that disclosure takes place.

21.     This Supplemental Protective Order shall apply to all Designated QUALCOMM Material that is produced or provided for inspection in this action, including all Designated QUALCOMM Material that is in the possession, custody or control of QUALCOMM or any Party in these actions, or that is otherwise relevant to these actions.

**D.      Access to Designated QUALCOMM Material**

22.     Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" only to:

    a.     Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

    b.     Counsel of Record;

    c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

e.      Court reporters and videographers employed in connection with this action; and

f.      Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated QUALCOMM Material shall not be disclosed to mock jurors without Non-Party QUALCOMM's express written consent;

g.      The Court and its personnel.

23.     Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material:  Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any

information, document, or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" only to:

a.    Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

b.    Counsel of Record;

c.    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached

hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B, provided, however, that before such disclosure, QUALCOMM is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV.  QUALCOMM shall have five (5) business days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery or facsimile transmission).  After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted, then "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" materials may be disclosed pursuant to the terms of this Supplemental Protective Order;

e.   Court reporters and videographers employed in connection with this action, subject to the provisions provided in subparagraph 33(g) herein;

f.   Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated QUALCOMM Material shall not be disclosed to mock jurors without Non-Party QUALCOMM's express written consent; and

g.   The Court and its personnel.

10

24.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

25.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to mock jurors.

26.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Producing Party, Designated QUALCOMM Material may not be disclosed to any in-house counsel for the Receiving Party.

27.     The Parties acknowledge that Designated QUALCOMM Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated QUALCOMM Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation.  The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

28.     Receiving Party may host "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party.  "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated pursuant to subparagraphs 22(c) and 23(c) above.  To the extent that any "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.  "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" may not be transmitted by electronic means.

29.     Each person to whom Designated QUALCOMM Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated QUALCOMM Material is disclosed to him or her.  Counsel for the Receiving Party who makes any disclosure of Designated QUALCOMM Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party QUALCOMM at the termination of this action.

30.     Absent written permission from Non-Party QUALCOMM, persons not permitted access to Designated QUALCOMM Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated QUALCOMM Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated QUALCOMM Material from disclosure to persons not authorized to have access to such Designated QUALCOMM Material.  Any Party intending to disclose or discuss Designated QUALCOMM Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

### E.     Access By Outside Consultants

31.     **Notice.**  If a Receiving Party wishes to disclose Designated QUALCOMM Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated QUALCOMM Material, provide notice to counsel for Non-Party QUALCOMM, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with Non-Party QUALCOMM or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing

Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B,

that have both been signed by that Outside Consultant.

32.   **Objections.**  With respect to Outside Consultants that have not been previously

disclosed to Non-Party QUALCOMM, Non-Party QUALCOMM shall have five (5) business

days, starting from the first business day following the date upon which Receiving Party

provides the notice and all information required by paragraph 31 to the Producing Party, to

object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in

any manner other than by hand delivery, e-mail delivery or facsimile transmission).  After the

expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good

cause has been asserted by Non-Party QUALCOMM, then Designated QUALCOMM Material

may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective

Order.  Any objection by Non-Party QUALCOMM must be made for good cause, and must set

forth in detail the grounds on which it is based.  Should Receiving Party disagree with the basis

for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally

with Non-Party QUALCOMM.  If the informal efforts do not resolve the dispute within five (5)

business days from the date upon which Receiving Party was first notified of any objection for

good cause by Non-Party QUALCOMM, Receiving Party may file a motion requesting that the

objection(s) be quashed after that five (5) day period has passed.  Non-Party Qualcomm shall

have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of

the objection(s).  Pending a ruling by the Court upon any such objection(s), or the subsequent

resolution of the objection for good cause by Receiving Party and Non-Party QUALCOMM, the

discovery material shall not be disclosed to the person objected to by Non-Party QUALCOMM.

**F.** **Production of QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE Material**

33.     Non-Party QUALCOMM's Source Code and Chip-Level Schematics:

a.     To the extent that a Producing Party makes Non-Party QUALCOMM's Source Code or Chip-Level Schematics available for inspection:

(i) The Producing Party shall make all relevant and properly requested Non-Party QUALCOMM Source Code available electronically and in text searchable form (1) if produced by Non-Party QUALCOMM, in a separate room at a secure facility selected by Non-Party QUALCOMM or (2) if produced by Defendants, at the offices of Counsel of Record for the producing Defendant or at a secure facility approved by QUALCOMM. The Producing Party shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer").  Alternatively, solely at the option of the Producing Party, the Producing Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by Non-Party QUALCOMM.  The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access.  To facilitate review of the Source Code at the secure facility, the Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page

and/or line numbers, a source code comparison tool like Araxis Merge, and at least one multi-text file text search tool such as "grep."  Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party.

(ii) The Producing Party shall make all relevant and properly requested Chip-Level Schematics available for inspection electronically on the Source Code Computer in a secure room at a secure facility selected by Non-Party QUALCOMM.  The Producing Party shall ensure that the Source Code Computer includes software sufficient to allow a user to view such electronic Chip-Level Schematics.

b.      The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the secure facility.

c.      The Source Code Computer shall be equipped to allow printing of the Source Code and Chip-Level Schematics made available for inspection by the Producing Party.  Copies of Source Code and Chip-Level Schematics shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party.  Under no circumstances are original printouts of the Source Code or Chip-Level Schematics to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party.  Additionally, the Receiving Party may not print any continuous block of source code that results in more

than 50 consecutive printed pages, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party. Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within four (4) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated.  Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of Source Code or Chip-Level Schematics.  No more than 10% or 500 pages of the total Source Code (not including copies of original printouts) whichever is greater, for any software release (or in the case of hardware Source Code, for any hardware product), no more than 500 pages of Chip-Level Schematics, and no continuous blocks of Source Code or Chip-Level Schematics that exceed 50 pages, may be in printed form at any one time, without the express written consent of Non-Party QUALCOMM, which shall not be unreasonably denied.  All printed Source Code and Chip-Level Schematics shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 33 (i) below.  No additional electronic copies of the Source Code or Chip-Level Schematics shall be provided by the Producing Party.  Hard copies of the Source Code or Chip-Level Schematics also may not be converted into an electronic document, and

17

may not be scanned using optical character recognition ("OCR") technology.  Only printouts of Source Code and Chip-Level Schematics may be made, and such printouts must include (1) directory path information and filenames from which the Source Code and Chip-Level Schematics came and (2) line numbers.  The Producing Party may refuse to provide copies of Source Code and Chip-Level Schematics printouts that fail to comply with this section.

d.      Authorized Reviewer(s) in this action shall not print Source Code or Chip-Level Schematics which have not been reviewed on the Source Code Computer, or in order to review the Source Code or Chip-Level Schematics elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code or Chip-Level Schematics electronically on the Source Code Computer, as the Parties and QUALCOMM acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

e.      Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room.  Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

f.     If any Authorized Reviewer(s) reviewing Non-Party QUALCOMM's Source Code or Chip-Level Schematics seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secure room.

g.     In the event copies of Source Code or Chip-Level Schematic printouts are used as exhibits in a deposition, additional copies may be made for the witness and outside counsel for the parties.  The printouts shall not be provided to the court reporter, except that the one copy for the witness which will be used as an exhibit can be provided to the court reporter for the purpose of marking the exhibit, and the further copies of the original QUALCOMM Source Code or Chip-Level Schematics printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.  The original copies of deposition exhibits designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" will be maintained by the deposing party under the terms set forth in this Supplemental Protective Order.

h.     In addition to other reasonable steps to maintain the security and confidentiality of Non-Party QUALCOMM's Source Code and Chip-Level Schematics, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed or otherwise being transferred

as permitted by the Protective Order and/or this Supplemental Protective Order.

i.      The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of each Producing Party's QUALCOMM Source Code or Chip-Level Schematics is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Non-Party QUALCOMM the log.  In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the QUALCOMM Source Code or Chip-Level Schematics were provided must certify in writing that all copies of the QUALCOMM Source Code or Chip-Level Schematics were destroyed or returned to the counsel who provided them the information and that they will make no use of the Source Code or Chip-Level Schematics, or of any knowledge gained from the source code in any future endeavor.

**G.      Procedure for Designating Materials**

34.      Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, any Party or Non-Party QUALCOMM may:  designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" information that it believes, in good faith, meets the definition set forth in paragraph 5 above.

35.     Except as provided above in paragraph 33 with respect to "QUALCOMM –
OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material, any
material, including (including physical objects) made available by Non-Party QUALCOMM for
initial inspection by counsel for the Receiving Party prior to producing copies of selected items
shall initially be considered, as a whole, to constitute "QUALCOMM – OUTSIDE
ATTORNEYS' EYES ONLY" information, and shall be subject to this Order.  Thereafter, Non-
Party QUALCOMM shall have seven (7) calendar days from the inspection to review and
designate the appropriate documents as "QUALCOMM – OUTSIDE ATTORNEYS' EYES
ONLY" prior to furnishing copies to the Receiving Party.

    a.     Any disagreement with regard to designations of QUALCOMM Material
under this supplemental protective order shall be governed by Paragraph
18 of the protective order entered in the above-captioned case on April 21,
2015, Dkt. No. 34.

36.     Designation in conformity with the Protective Order and this Supplemental
Protective Order shall be made as follows:

    a.     For information in documentary (including "electronically stored
information") form (apart from transcripts of depositions or other pretrial
or trial proceedings):  the Designating Party shall affix the legend
"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or
"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –
CONFIDENTIAL SOURCE CODE" conspicuously on each page that
contains Protected Material.

        A party or non-party that makes original documents or materials

available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced.  Before and during the inspection, all material made available for inspection shall be deemed "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY."  After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated QUALCOMM Material.

b.   <u>For Testimony Given in Deposition:</u>  For deposition transcripts, the Designating Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been received.  The Party or Non-Party may identify the entirety of the transcript as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE," but all deposition transcripts not designated during the deposition will nonetheless be treated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE," until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of

a deposition shall remain subject to the provisions of this Supplemental

Protective Order and the Protective Order in these actions, along with the

transcript pages of the deposition testimony dealing with such Protected

Material.  In such cases the court reporter shall be informed of this

Supplemental Protective Order and shall be required to operate in a

manner consistent with this Supplemental Protective Order.  Transcript

pages containing Designated Material must be separately bound by the

court reporter, who must affix to the top of each such page the legend

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and/or

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –

CONFIDENTIAL SOURCE CODE."  An encrypted, password protected

copy of deposition transcripts containing Designated Qualcomm Material

made pursuant to this paragraph may be hosted electronically by the

Receiving Party on any system inside the firewall of a law firm

representing the Receiving Party, however, all other restrictions in this

Supplemental Protective Order pertaining to Designated Source Code

Material apply.  In the event the deposition is videotaped, the original and

all copies of the videotape shall be marked by the video technician to

indicate that the contents of the videotape are subject to this Supplemental

Protective Order and the Protective Order, substantially along the lines of

"This videotape contains confidential or outside counsel eyes only

confidential testimony used in this case and is not to be viewed or the

contents thereof to be displayed or revealed except pursuant to the terms

of the operative protective orders in this matter or pursuant to written stipulation of the parties."  Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Protected Material based on the designation of such Protected Material.

    c.    <u>For information produced in some form other than documentary, and for any other tangible items,</u> the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

    d.    The provisions of subparagraphs 36(a-c) do not apply to documents produced in native format.  For documents produced in native format, the parties shall provide written notice to the Receiving Party of any confidentiality designations at the time of production.

## H.     Use of Designated QUALCOMM Material

37.     Use of Designated QUALCOMM Material By Receiving Party:  Unless otherwise ordered by the Court, or agreed to in writing by Non-Party QUALCOMM, all Designated QUALCOMM Material, and all information derived therfrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated QUALCOMM

Material.  Information contained or reflected in Designated QUALCOMM Material shall not be

disclosed in conversations, presentations by parties or counsel, in court or in other settings that

might reveal Designated QUALCOMM Material, except in accordance with the terms of the

Protective Order or this Supplemental Protective Order.

38.     Use of Designated QUALCOMM Material by Non-Party QUALCOMM:

Nothing in this Supplemental Protective Order shall limit Non-Party QUALCOMM's use of its

own documents and information, nor shall it prevent Non-Party QUALCOMM from disclosing

its own confidential information, documents or things to any person.  Such disclosure shall not

affect any designations made pursuant to the terms of this Supplemental Protective Order, so

long as the disclosure is made in a manner that is reasonably calculated to maintain the

confidentiality of the information.

39.     Use of Designated QUALCOMM Material at Deposition:  Non-Party

QUALCOMM shall, on request prior to the deposition, make a searchable electronic copy of the

QUALCOMM Source Code available on a stand-alone computer connected to a printer during

depositions of QUALCOMM personnel otherwise permitted access to such Source Code.  To the

extent required, the party conducting the deposition may print additional pages of Source Code

printouts to be marked as exhibits at such depositions consistent with other provisions and

limitations of the Protective Order and this Supplemental Protective Order.  Except as may be

otherwise ordered by the Court, any person may be examined as a witness at depositions and

trial, and may testify concerning all Designated QUALCOMM Material of which such person

has prior knowledge.

40.     Use of Designated QUALCOMM Material at Hearing or Trial:  The parties will

give Non-Party QUALCOMM prior notice of, and an opportunity to object to, any intended use

of the Designated QUALCOMM Material at any hearing or trial in this case.  Said notice shall

(a) be served by facsimile or email on counsel for Non-Party QUALCOMM at least five (5)

business days prior to the hearing or first day of trial, (2) identify the Designated QUALCOMM

Material with specificity while redacting any other Party's Confidential Business Information

and (3) identify the measures the party intends to rely upon to protect the Designated

QUALCOMM Material when used at any hearing or trial consistent with this Supplemental

Protective Order.  This section shall not limit in any way the use of Designated QUALCOMM

Material during the cross-examination of any witness otherwise permitted access to such

Designated QUALCOMM Material, as long as the parties take all necessary steps to protect and

maintain the confidentiality of any such Designated QUALCOMM Material.

**I.      Prosecution and Development Bar**

41.     Unless otherwise permitted in writing between Producing Party and Receiving

Party, any individual who personally receives, other than on behalf of Producing Party, any

material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE

CODE" shall not participate in amending or drafting patent specifications or claims before a

Patent Office of any patent or patent application related to the information disclosed in the

Designated QUALCOMM Material, from the time of receipt of such material through the date

the individual person(s) cease to have access to materials designated "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or

disclose Designated QUALCOMM Material.  This provision shall not apply to post-grant

proceedings, including without limitation reexamination or opposition proceedings filed in

relation to the patents-in-suit or foreign counterparts.

42.     Unless otherwise permitted in writing between Non-Party QUALCOMM and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to Non-Party QUALCOMM's documents, Source Code, or Chip-Level Schematics designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" must agree in writing, using the form in Exhibit B, not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes related to the information disclosed in the Designated QUALCOMM Material, which is not publicly known, from the time of first receipt of such material through the date the expert consultant ceases to have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or disclose Designated QUALCOMM Material.

**J.     Designated QUALCOMM Material Subpoenaed or Ordered Produced In Other Litigation**

43.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE," Receiving Party must notify the Producing Party and Non-Party QUALCOMM of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this

Supplemental Protective Order and the Protective Order.  In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated QUALCOMM Material in this case, is at issue in the other case, an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated QUALCOMM Material.  Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

**K.    Unauthorized Disclosure Of Designated QUALCOMM Material**

44.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated QUALCOMM Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Non-Party QUALCOMM of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated QUALCOMM Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" that is attached hereto as Exhibit A.  Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

**L.      Duration**

45.      Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Non-Party QUALCOMM agrees otherwise in writing or a court order otherwise directs.

**M.      Final Disposition**

46.      Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated QUALCOMM Material produced by Non-Party QUALCOMM or any other Party in this action and will destroy or redact any such Designated QUALCOMM Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media.  Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Non-Party QUALCOMM with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph.  With respect to any copy of Designated QUALCOMM Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**So Ordered and Signed on this**

**Nov 9, 2015**


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], state:  My

business address is _____;

    1.      My present employer is _____;

    2.      My present occupation or job description is _____;

    3.      I have been informed of and have reviewed the Supplemental Protective Order

Governing Discovery from Non-Party QUALCOMM in this case (the "Supplemental Protective

Order") entered in this case, and understand and agree to abide by its terms.  I agree to keep

confidential all information provided to me in the matters of **SAINT LAWRENCE**

**COMMUNICATIONS LLC, v. LG ELECTRONICS, INC., et al.**, Civil Action No. **2:14-cv-**

**1055-JRG** in the United States District Court, Eastern District of Texas in accordance with the

restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court

in the event of any violation or dispute related to the Supplemental Protective Order.

    4.      I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

                                _____
                                  [Signature]

Executed On_____      _____
                                  [Printed Name]

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party or Non-Party QUALCOMM and will not use any

information, documents, or things that are subject to the Supplemental Protective Order

Governing Discovery From Non-Party QUALCOMM in **SAINT LAWRENCE**

**COMMUNICATIONS LLC, v. LG ELECTRONICS, INC., et al.**, Civil Action No. **2:14-cv-**

**1055-JRG** in the United States District Court, Eastern District of Texas, for any purpose other

than this litigation.  I agree not to perform hardware or software development work or product

development work intended for commercial purposes related to the information disclosed in the

Designated QUALCOMM Material, from the time of receipt of such material through and

including the date that I cease to have access to any material designated "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____
[Signature]

Executed On_____    _____
[Printed Name]